**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | * | |
| | * | **Case No. 13-15268-BFK** |
| **MARK LEBOW**, | * | Chapter 7 |
| | * | |
| Debtor. | * | |
| **YOUNG & THOMPSON**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Pro. No. 14-01042-BFK** |
| | * | |
| **MARK LEBOW**, | * | |
| | * | |
| Defendant. | * | |

<u>**DEFENDANT MARK LEBOW'S ANSWER AND GROUNDS OF DEFENSE TO**</u>
<u>**COMPLAINT TO CHALLENGE DISCHARGEABILITY OF DEBTS PURSUANT**</u>
<u>**TO 11 U.S.C. § 523**</u>

Defendant, Mark Lebow ("Defendant"), by counsel, hereby states his Answer and

Grounds of Defense to the Plaintiff's Complaint filed herein, setting forth in support

thereof as follows:

1.      Paragraph 1 is admitted.

2.      In response to Paragraph 2, the Defendant denies that he resides in the City of

Alexandria.

3.      Paragraph 3 contains a legal conclusion requiring no response from the

Defendant.

**Donald F. King, Esquire (VSB No. 23125)**
**Bruce M. Blanchard, Esquire (VSB No. 23778)**
**Counsel for Defendant**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Direct:  703-218-2116**
**Fax:     703-218-2160**
**Email:  donking@ofplaw.com**

4.      Paragraph 4 is admitted.  To the extent that relief is requested on a claim that is deemed to be non-core, the Defendant consents to entry of final orders and judgment by the Bankruptcy Court.

5.      Paragraph 5 is admitted.  To the extent that relief is requested on a claim that is deemed to be non-core, the Defendant consents to entry of final orders and judgment by the Bankruptcy Court.

6.      Paragraph 6 contains a legal conclusion requiring no response from the Defendant.

7.      Paragraph 7 is admitted.

8.      In response to Paragraph 8, the Defendant states that Exhibit 1 appears to be a copy of the Complaint filed against him in the City of Alexandria.

9.      In response to Paragraph 9, the Complaint speaks for itself.

10.     In response to Paragraph 10, the Complaint speaks for itself.

11.     In response to Paragraph 11, the Complaint speaks for itself.

12.     In response to Paragraph 12, the Complaint speaks for itself.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.

15.     Paragraph 15 is admitted.

16.     Paragraph 16 is admitted.

17.     Paragraph 17 is admitted.

18.     Paragraph 18 is admitted.

19.     Paragraph 19 is admitted.

20.     Paragraph 20 is admitted.

21.     Paragraph 21 is admitted.

22.     Paragraph 22 is admitted.

23.     In response to Paragraph 23, the Defendant states that Exhibit 5 appears to be

a copy of the Amended Complaint filed against him in the City of Alexandria.

24.     In response to Paragraph 24, the Amended Complaint speaks for itself.

25.     In response to Paragraph 25, the Amended Complaint speaks for itself.

26.     In response to Paragraph 26, the Amended Complaint speaks for itself.

27.     In response to Paragraph 27, the Amended Complaint speaks for itself.

28.     In response to Paragraph 28, the Amended Complaint speaks for itself.

29.     In response to Paragraph 29, the Amended Complaint speaks for itself.

30.     In response to Paragraph 30, the Amended Complaint speaks for itself.

31.     Paragraph 31 is admitted.

32.     Paragraph 32 is admitted.

33.     Paragraph 33 is admitted.

34.     Paragraph 34 is admitted.

35.     Paragraph 35 is admitted.

36.     Paragraph 36 is admitted.

37.     Paragraph 37 is admitted.

38.     Paragraph 38 is admitted.

39.     To the extent that Paragraph 39 alleges that the Defendant was made a Non-

Equity Partner, the paragraph is admitted.

40.   Defendant admits that beginning in 2006 he was a non-equity partner who managed the general day-to-day operations of the trademark practice of the plaintiff and denies the remaining allegations contained in paragraph 40.

41.   Defendant admits that, starting in 2000, he managed the general day-to-day billings of Young & Thompson's trademark practice in accordance with the requirements set by other partners of the Plaintiff and denies the remaining allegations contained in paragraph 41.

42.   Paragraph 42 is admitted.

43.   Paragraph 43 is admitted.

44.   Paragraph 44 is admitted.

45.   In response to Paragraph 45, the Amendment speaks for itself.

46.   In response to Paragraph 46, the Amendment speaks for itself.

47.   Paragraph 47 is admitted.

48.   Paragraph 48 is admitted.

49.   In response to Paragraph 49, the Amendment speaks for itself.

50.   In response to Paragraph 50, the Amendment speaks for itself.

51.   Paragraph 51 is admitted.

52.   Paragraph 52 is admitted.

53.   Paragraph 53 is admitted.

54.   Paragraph 54 is admitted.

55.   Paragraph 55 is admitted.

56.     Defendant admits that he was bound by the Tenth Amendment to the Partnership agreement, the terms of which speak for themselves, and denies the remaining allegations contained in paragraph 56.

57.     Paragraph 57 is admitted.

58.     Paragraph 58 is admitted.

59.     Paragraph 59 is admitted.

60.     Paragraph 60 is admitted.

61.     In response to Paragraph 61, the Amendment speaks for itself.

62.     Paragraph 62 is admitted.

63.     Defendant admits that Thomas Perkins, who was then a partner of the plaintiff, discussed with him at various times various aspects of the Schedule of Charges and denies the remaining allegations contained in paragraph 35.

64.     The Defendant lacks sufficient information to admit or deny what or how the firm would credit different partners.

65.     The Defendant lacks sufficient information to admit or deny what or how the firm would credit different partners.

66.     To the extent that Paragraph 66 calls for a reading of the Partnership Agreement, the Defendant states that the Agreement speaks for itself.

67.     Defendant admits that he was bound by the Ninth Amendment to the Partnership Agreement and the Tenth Amendment to the Partnership agreement, the terms of which speak for themselves, and denies the remaining allegations contained in paragraph 67.

68.     Defendant admits that he was bound by the Ninth Amendment to the Partnership Agreement and the Tenth Amendment to the Partnership agreement, the terms of which speak for themselves, and denies the remaining allegations contained in paragraph 68.

69.     Defendant admits that he was bound by the Ninth Amendment to the Partnership Agreement and the Tenth Amendment to the Partnership agreement, the terms of which speak for themselves, and denies the remaining allegations contained in paragraph 69.

70.     Paragraph 70 is denied.

71.     Defendant admits that the Ninth Amendment to the Partnership Agreement was only amended in writing by the Tenth Amendment to the Partnership Agreement and that the Tenth Amendment to the Partnership Agreement was not amended in writing while he was a non-equity partner of the plaintiff and denies the remaining allegations contained in paragraph 71.

72.     Defendant admits that the Ninth Amendment to the Partnership Agreement was only amended in writing by the Tenth Amendment to the Partnership Agreement and that the Tenth Amendment to the Partnership Agreement was not amended in writing while he was a non-equity partner of the Plaintiff and denies the remaining allegations contained in paragraph 72.

73.     Defendant admits that the Ninth Amendment to the Partnership Agreement was only amended in writing by the Tenth Amendment to the Partnership Agreement and that the Tenth Amendment to the Partnership Agreement was

not amended in writing while he was a non-equity partner of the plaintiff and denies the remaining allegations contained in paragraph 73.

74.     Defendant admits that the Ninth Amendment to the Partnership Agreement was only amended in writing by the Tenth Amendment to the Partnership Agreement and that the Tenth Amendment to the Partnership Agreement was not amended in writing while he was a non-equity partner of the plaintiff and denies the remaining allegations contained in paragraph 74.

75.     Defendant admits that the Ninth Amendment to the Partnership Agreement was only amended in writing by the Tenth Amendment to the Partnership Agreement and that the Tenth Amendment to the Partnership Agreement was not amended in writing while he was a non-equity partner of the plaintiff and denies the remaining allegations contained in paragraph 75.

76.     Defendant admits that five written Schedules of Charges were disseminated by the plaintiff while he was a non-equity partner and denies the remaining allegations contained in paragraph 76.

77.     Paragraph 77 is admitted.

78.     Paragraph 78 is admitted.

79.     Paragraph 79 is admitted with the exception of 2012.

80.     The Defendant admits that he received a bonus in each year but denies that this payment was specifically entitled or deemed a "performance component" of his compensation.

81.     Paragraph 81 is admitted.

82.     Paragraph 82 is admitted.

83.    Paragraph 83 is admitted.

84.    Paragraph 84 is denied.

85.    Defendant admits that he provided his assistants with a description to be included with client billings, and denies the remaining allegations in paragraph 85.

86.    Paragraph 86 is denied.

87.    Paragraph 87 is denied.

88.    Paragraph 88 is denied.

89.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 89.

90.    The Defendant lacks sufficient information to admit or deny the allegations in paragraph 90.

91.    The Defendant lacks sufficient information as to what the Plaintiff believed.

92.    The Defendant lacks sufficient information as to what the Plaintiff believed.

93.    Paragraph 93 sets forth a legal conclusion requiring no response from the Defendant.

94.    Paragraph 94 is denied.

95.    In response to Paragraph 95, the Defendant admits that he had access to billings (a) transmitted by his assistants to accounting or entered in the billing system, and (b) that were attributed to him by accounting as of any date.  Denied as to un-entered, transmitted, or unattributed billings

96.    Paragraph 96 is admitted.

97.    Paragraph 97 is admitted.

98.    Paragraph 98 is denied.

99.    Paragraph 99 is denied.

100.   Paragraph 100 is denied.

101.   Paragraph 101 is denied.

102.   Paragraph 102 is denied.

103.   Paragraph 103 is denied.

104.   Paragraph 104 is denied.

105.   In response to Paragraph 105, the Defendant admits that he sometimes had higher rates for direct company clients and added items to schedules forwarded to direct company clients.  Defendant denies all other allegations.

106.   Paragraph 106 is denied.

107.   The Defendant is without sufficient information to admit or deny the allegations of Paragraph 107.

108.   Paragraph 108 is denied.

109.   Paragraph 109 is denied.

110.   Paragraph 110 is denied.

111.   Paragraph 111 is denied.

112.   Paragraph 112 is denied.

113.   Paragraph 113 is denied.

114.   Paragraph 114 is denied.

115.   Paragraph 115 is denied.

116.   Paragraph 116 is denied.

117.   Paragraph 117 is denied.

118.    Paragraph 118 is denied.

119.    Paragraph 119 is denied.

120.    Paragraph 120 is denied.

121.    Paragraph 121 is denied.

122.    Paragraph 122 is denied.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is denied.

125.    Paragraph 125 is denied.

126.    Paragraph 126 is denied.

127.    Paragraph 127 is denied.

128.    Paragraph 128 is admitted.

129.    Paragraph 129 is denied to the extent that "income entitlement" is not a defined term.

130.    Paragraph 130 is denied to the extent that "income" is not a defined term.

131.    Paragraph 131 is denied.

132.    Defendant admits that he was paid the amounts identified in paragraph 132, except that Defendant denies being paid the amounts identified in subparagraphs n, t, and cc, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

133.    Defendant admits that the mathematical calculation stated in paragraph 133 is correct.

134.    Paragraph 134 is admitted.

135.    Paragraph 135 is admitted.

136.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 136.

137.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 137.

138.    Paragraph 138 is admitted, except that Defendant denies these amounts were
        draws.

139.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 139.

140.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 140.

141.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 141.

142.    Paragraph 142 is admitted.

143.    Paragraph 143 is denied.

144.    Paragraph 144 is admitted.

145.    Paragraph 145 is admitted.

146.    Defendant is without sufficient information to admit or deny the allegations of
        Paragraph 146.

147.    Paragraph 147 is admitted.

148.    Paragraph 148 is admitted.

149.    Paragraph 149 is admitted.

150.    Paragraph 150 is admitted.

151.    Paragraph 151 is admitted.

152.    Paragraph 152 is admitted.

153.    Paragraph 153 is admitted.

154.    Paragraph 154 is admitted.

155.    Paragraph 155 is denied.

156.    Defendant lacks sufficient information to admit or deny the allegations of
Paragraph 156.

157.    Paragraph 157 is denied.

158.    Paragraph 158 is admitted.

159.    The Defendant lacks sufficient information to admit or deny the allegations of
Paragraph 159.

160.    The Defendant lacks sufficient information to admit or deny the allegations of
Paragraph 160.

161.    The Defendant admits that the mathematical statement is correct.

162.    Paragraph 162 is denied.

163.    Paragraph 163 is denied.

164.    Paragraph 164 is denied.

165.    Paragraph 165 is denied.

166.    Paragraph 166 is admitted.

167.    Paragraph 167 is denied.

168.    Paragraph 168 is denied.  The Defendant did not decide to leave until he
received satisfactory, acceptable and final terms.

169.    Paragraph 169 is denied.  The Defendant did not decide to leave until he received satisfactory, acceptable and final terms.

170.    Paragraph 170 is denied.

171.    Paragraph 171 is denied.

172.    The Defendant admits that he gave his notice of resignation on November 2, 2012 and that he continued to work at the Plaintiff firm, with the firm's full knowledge of his new employment, and with the firm's consent to remain working, until November 30, 2012.

173.    Paragraph 173 is admitted.

174.    Paragraph 174 is denied.

175.    Defendant admits that the Plaintiff sent him a letter making a request for repayment of an allegedly overdrawn amount.

176.    Defendant admits that the Plaintiff sent him a letter making a request for repayment of an allegedly overdrawn amount.

177.    The Defendant admits that he has not made any payments.

178.    In response to Paragraph 178, the Defendant incorporates his responses to Paragraphs 1-177.

179.    Paragraph 179 is denied.

180.    The Defendant admits that he has not made any payments.

181.    Paragraph 181 is denied.

182.    Paragraph 182 is denied.

183.    Paragraph 183 sets forth a legal conclusion requiring no response from the Defendant.

184.    Paragraph 184 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

185.    Paragraph 185 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

186.    Paragraph 186 sets forth a legal request for relief not requiring a response from the Defendant.

187.    Paragraph 187 is denied.

188.    In response to Paragraph 188, the Defendant incorporates his responses to Paragraphs 1-187.

189.    Paragraph 189 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

190.    Paragraph 190 is denied.

191.    Paragraph 191 is denied.

192.    Paragraph 192 is denied.

193.    Paragraph 193 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any

actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

194.    Paragraph 194 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

195.    Paragraph 195 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

196.    Paragraph 196 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

197.    Paragraph 197 is denied.

198.    In response to Paragraph 198, the Defendant incorporates his responses to Paragraphs 1-197.

199.    Paragraph 199 sets forth a legal conclusion requiring no response from the Defendant.

200.    Paragraph 200 is denied.

201.    In response to Paragraph 201, the Partnership Agreement speaks for itself.

202.    Paragraph 202 contains a legal conclusion requiring no response from the Defendant.

203.    Paragraph 203 is denied.

204.    Paragraph 204 sets forth a legal request for relief not requiring a response
        from the Defendant.  Moreover, to the extent that this Paragraph asserts any
        actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract,
        or any other malicious or intentional act, these allegations are denied.

205.    Paragraph 205 sets forth a legal request for relief not requiring a response
        from the Defendant.  Moreover, to the extent that this Paragraph asserts any
        actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract,
        or any other malicious or intentional act, these allegations are denied.

206.    Paragraph 206 sets forth a legal request for relief not requiring a response
        from the Defendant.  Moreover, to the extent that this Paragraph asserts any
        actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract,
        or any other malicious or intentional act, these allegations are denied.

207.    Paragraph 207 sets forth a legal request for relief not requiring a response
        from the Defendant.  Moreover, to the extent that this Paragraph asserts any
        actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract,
        or any other malicious or intentional act, these allegations are denied.

208.    In response to Paragraph 208, the Defendant incorporates his responses to
        Paragraphs 1-207.

209.    In response to Paragraph 209, the Partnership Agreement speaks for itself.

210.    Paragraph 210 is denied.

211.    Paragraph 211 is denied.

212.    Paragraph 212 is denied.

213.    Paragraph 213 is denied.

214.    Paragraph 214 is denied.

215.    Paragraph 215 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

216.    Paragraph 216 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

217.    Paragraph 217 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

218.    Paragraph 218 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

219.    Paragraph 219 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

220.   In response to Paragraph 220, the Defendant incorporates his responses to Paragraphs 1-219.

221.   In response to Paragraph 221, the Partnership Agreement speaks for itself.

222.   Paragraph 222 is denied.

223.   Paragraph 223 is denied.

224.   Paragraph 224 is denied.

225.   Paragraph 225 is denied.

226.   Paragraph 226 is denied.

227.   Paragraph 227 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

228.   Paragraph 228 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

229.   Paragraph 229 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

230.   Paragraph 230 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any

actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

231.    Paragraph 231 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

232.    In response to Paragraph 232, the Defendant incorporates his responses to Paragraphs 1-231.

233.    In response to Paragraph 233, the Partnership Agreement speaks for itself.

234.    Paragraph 234 is denied.

235.    Paragraph 235 is denied.

236.    Paragraph 236 is denied.

237.    Paragraph 237 is denied.

238.    Paragraph 238 is denied.

239.    Paragraph 239 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

240.    Paragraph 240 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

241.   Paragraph 241 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

242.   Paragraph 242 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

243.   Paragraph 243 sets forth a legal request for relief not requiring a response from the Defendant.  Moreover, to the extent that this Paragraph asserts any actions of intentional wrongdoing, fraud, breach of fiduciary duty or contract, or any other malicious or intentional act, these allegations are denied.

244.   Any and all allegations not specifically addressed herein are denied.

## **GROUNDS OF DEFENSE**

1.   Estoppel

2.   Waiver

3.   Unclean Hands

4.   Laches

5.   Statute of Limitations

6.   The alleged acts of wrongdoing, even if proven, are dischargeable.

7.   The Complaint fails to state claims upon which relief can be granted.

8.      The Defendant incorporates by reference the defenses raised in his Answers

filed in the litigation between the parties in the Circuit Court for the City of

Alexandria (as attached to the Plaintiff's Complaint).

9.      The Defendant intends to rely upon any and all defenses which become

known to him up until and through trial of this matter.

WHEREFORE, in consideration of the foregoing, the Defendant prays that this

Court dismiss this action with prejudice and grant judgment in his favor.

Respectfully submitted,

**MARK LEBOW**
By counsel

By:      _____/s/*Donald F. King*_____
         **Donald F. King, Esquire (VSB No. 23125)**
         **Bruce M. Blanchard, Esquire (VSB No. 23778)**
         **Counsel for Defendant**
         **ODIN FELDMAN & PITTLEMAN PC**
         **1775 Wiehle Avenue, Suite 400**
         **Reston, Virginia 20190**
         **Direct:703-218-2116**
         **Fax:   703-218-2160**
         **Email:donking@ofplaw.com**

### Certificate of Service

The undersigned certifies that this Answer was served electronically on April
18, 2014, upon counsel for the Plaintiff pursuant to this Court's CM/ECF procedures.

*/s/ Donald F. King*
**Donald F. King**